IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DUGAN, AURORA DUGAN, and MATTHEW TAPSCOTT, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LLOYDS TSB BANK, PLC<br><br>Defendant.<br>_____ /<br>DAVID T. OSMENA and PATRICIA HOGAN-OSMENA, husband and wife, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LLOYDS TSB BANK, PLC.<br><br>Defendant.<br>_____ / | No. C 12-02549 WHA<br><br>Related to:<br><br>No. C 12-02937 WHA<br><br><br><br>**NOTICE RE FURTHER QUESTIONS FOR ORAL ARGUMENT** |

(1) With respect to the existing (and proposed) plaintiffs, state whether the loan documents call out the law of Hong Kong as governing, and if so, what effect this will have on:

    (i)    the claims alleged and proposed to be alleged; and

    (ii)   the commonality of issues.

Put differently, if the law of Hong Kong applies, what would be wrong with a nationwide class to determine the extent to which, if at all, borrowers in the United States were victimized in violation of Hong Kong law.

    (2) Where were the loan documents executed for each existing and proposed plaintiff?

    (3) Wouldn't all class periods (assuming class certification) be limited by the statute of limitations, and if so, what possible statute would go back more than four years? Put differently, what is the point of artificially defining a class period to extend back more than four years?

    (4) Each side must bring to oral argument written answers not to exceed two pages. Please number the answers to correspond to the numbered questions above. Please do not evade.

**IT IS SO ORDERED.**

Dated: January 9, 2013.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2